| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** *Caption in Compliance with D.N.J. LBR 9004-1(b)* SAUL EWING LLP Turner N. Falk, Esq. 1500 Market Street, 38th Floor Philadelphia, PA 19102 Telephone: (215) 972-7777 Email: turner.falk@saul.com  *Counsel for Artsana USA, Inc.* | |
| In re:  BED BATH & BEYOND, INC., *et al.*,[1]  Debtors. | Chapter 11  Case No. 23-13359 (VFP)  (Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.),[2]  Plaintiff,  v.  Artsana USA, Inc.,  Defendant. | Adv. No. 24-01336 (VFP) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2]    Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

Defendant, Artsana USA, Inc. ("**Artsana**"), hereby responds to the *First Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "**Complaint**"), as follows:

## NATURE OF THE CASE

1. No response to Paragraph 1 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 1 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

2. No response to Paragraph 2 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 2 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

## JURISDICTION AND VENUE

3. Admitted.

4. Artsana admits that this adversary proceeding is a core proceeding and further consents to the entry of final orders and judgment by the Court.

5. Admitted.

6. No response to Paragraph 6 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 6 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief

in this adversary proceeding.

## PROCEDURAL BACKGROUND

7. Artsana has insufficient knowledge or information to admit or deny that Debtors continued to operate their businesses and manage their properties as debtors-in-possession. Artsana admits the remainder of Paragraph 7 of the Complaint.

8. Admitted.

9. Artsana has insufficient knowledge or information to admit or deny Paragraph 9 of the Complaint.

## THE PARTIES

10. Artsana has insufficient knowledge or information to admit or deny Paragraph 10 of the Complaint.

11. Artsana denies the allegations of Paragraph 11 of the Complaint except that it admits it sold baby related products to the Debtors' Buy Buy Baby business segment and that its principal place of business is located at 1826 William Penn Way, Lancaster, Pennsylvania 17601.

## FACTUAL BACKGROUND

12. Artsana has insufficient knowledge or information to admit or deny Paragraph 12 of the Complaint.

13. Artsana has insufficient knowledge or information to admit or deny Paragraph 13 of the Complaint.

14. The Plan is a writing which speaks for itself and any incorrect, incomplete or otherwise misleading characterization of the Plan is denied.

15. Artsana has insufficient knowledge or information to admit or deny Paragraph 15 of the Complaint.

16. Artsana has insufficient knowledge or information to admit or deny Paragraph 16 of the Complaint.

17. No response to Paragraph 17 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 17 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

18. No response to Paragraph 18 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 18 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

19. No response to Paragraph 19 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 19 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

20. Artsana admits receipt of a letter from counsel to the Debtors dated February 20, 2024, and further avers that such letter is a writing which speaks for itself and any incorrect, incomplete or otherwise misleading characterization of such is denied.

21. Artsana has insufficient knowledge or information to admit or deny Paragraph 21 of the Complaint.

22. No response to Paragraph 22 of the Complaint is required because it contains

statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 22 of the Complaint can be considered as an actual and specific allegation of fact, it is denied including because Artsana has insufficient knowledge or information to admit or deny such; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

23. No response to Paragraph 23 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 23 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

24. Artsana incorporates all preceding responses as if fully restated herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. No response to Paragraph 30 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 30 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

5

31. Admitted.

32. No response to Paragraph 32 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 32 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

33. No response to Paragraph 33 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 33 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

**Second Claim for Relief**
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 548(a)(1)(B))**

34. Artsana incorporates all preceding responses as if fully restated herein.

35. Denied.

36. No response to Paragraph 36 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 36 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

**Third Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

37. Artsana incorporates all preceding responses as if fully restated herein.

38. No response to Paragraph 38 of the Complaint is required because it contains

statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 38 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

39. Denied.

40. No response to Paragraph 40 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 40 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

**Fourth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

41. Artsana incorporates all preceding responses as if fully restated herein.

42. No response to Paragraph 42 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 42 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

43. Denied.

44. No response to Paragraph 44 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 44 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

7

45. No response to Paragraph 45 of the Complaint is required because it contains statements of Plaintiff's position and/or asserted conclusions of law and not allegations of fact. To the extent anything in Paragraph 45 of the Complaint can be considered as an actual and specific allegation of fact, it is denied; and Artsana further avers that Plaintiff is not entitled to any relief in this adversary proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Artsana requests that each and every Claim for Relief set forth in the Complaint be dismissed with prejudice; that costs be awarded to Artsana and against Plaintiff in this adversary proceeding; and for such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's First Claim for Relief is barred in whole or in part pursuant to 11 U.S.C. § 547(c)(4).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's First Claim for Relief is barred in whole or in part pursuant to 11 U.S.C. § 547(c)(1).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's First Claim for Relief is barred in whole or in part pursuant to 11 U.S.C. § 547(c)(2).

### FIFTH AFFIRMATIVE DEFENSE

Contrary to the requirements of Fed. R. Civ. P. 9(b), Plaintiff's Complaint fails to plead each element of a fraudulent transfer claim under 11 U.S.C. § 548(a) with sufficient particularity.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because reasonably equivalent value was provided by Artsana in return for transfers identified by the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because reasonably equivalent value was provided by Artsana in return for transfers identified by the Complaint based on the Debtors' cash and management practices.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Debtors did not suffer any cognizable injury through its business dealings with and transfers made to Artsana.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 11 U.S.C. §§ 548(c) and 550(b)(1) because Artsana received the alleged transfers referred to in the Complaint for value and in good faith in satisfaction of pre-existing debts and without knowledge of the purported avoidability of such transfers.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Debtors' inequitable conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Debtors' express, implied, or equitable release of the rights now asserted.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## RESERVATION OF RIGHTS

Artsana expressly reserves the right to assert additional affirmative defenses to the Complaint that may arise in the course of discovery.

WHEREFORE, Artsana requests that each and every Claim for Relief set forth in the Complaint be dismissed with prejudice; that costs be awarded to Artsana and against Plaintiff in this adversary proceeding; and for such other and further relief as the Court deems just and appropriate.

**SAUL EWING LLP**

*/s/ Turner N. Falk*
Turner N. Falk, Esq.
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: turner.falk@saul.com

*Counsel for Artsana USA, Inc.*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>SAUL EWING LLP<br>Turner N. Falk, Esq.<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 972-7777<br>Email: turner.falk@saul.com<br><br>*Counsel for Artsana USA, Inc.* | |
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,³<br><br>                 Debtors. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.),⁴<br><br>                 Plaintiff,<br><br>   v.<br><br>Artsana USA, Inc.,<br><br>                 Defendant. | Adv. No. 24-01336 (VFP) |

## CERTIFICATION OF SERVICE

    I hereby certify that on March 13, 2025, I caused a true and correct copy of the foregoing *Defendant's Answer and Affirmative Defenses* to be served via (i) the CM/ECF system for the

---

[3] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[4] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

52369617.1 03/13/2025

United States Bankruptcy Court for the District of New Jersey upon all registered users thereof, and (ii) via electronic mail on the parties listed on the attached service list.

**SAUL EWING LLP**

<u>/s/ Turner N. Falk</u>
Turner N. Falk, Esq.
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: turner.falk@saul.com

*Counsel for Artsana USA, Inc.*

## Service List

Brigette McGrath Esquire
Nicholas C. Brown, Esquire
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
bmcgrath@askllp.com
nbrown@askllp.com

Marianna Udem, Esquire
ASK LLP
60 East 42nd Street, 46th Fl.
New York, NY 10165
mudem@askllp.com

52369617.1 03/13/2025