| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> SAUL EWING LLP <br> Turner N. Falk, Esq. <br> 1735 Market Street, 34th Floor <br> Philadelphia, PA 19103 <br> Telephone: (215) 972-7777 <br> Email: turner.falk@saul.com <br> *Counsel for Artsana USA, Inc.* | |
| In re: <br><br> BED BATH & BEYOND, INC., *et al.*,[1] <br><br>                    Debtors. | Chapter 11 <br><br> Case No. 23-13359 (VFP) <br><br> (Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.),[2] <br><br>                    Plaintiff, <br><br>     v. <br><br> Artsana USA, Inc., <br><br>                    Defendant. | Adv. No. 24-01336 (VFP) |

## DECLARATION OF TURNER N. FALK IN SUPPORT OF DEFENDANT'S (I) RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND (II) CROSS-MOTION FOR SUMMARY JUDGMENT

I, Turner N. Falk, hereby declare as follows:

1.    I am an attorney with Saul Ewing LLP, counsel to defendant Artsana USA, Inc.

("Artsana").

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2]    Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc., which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to 20230930-DK-Butterfly, Inc. [Filing ID No. 230921001833 DOS ID 315602].

1

2. I make this declaration in connection with the response in opposition of Artsana USA Inc. ("Artsana") to Plaintiff's *Motion for Summary Judgment with Respect to Plaintiff's Claims Against Defendant, Artsana USA, Inc.* (the "Response in Opposition") and Artsana's *Cross-Motion for Summary Judgment* (the "Cross-Motion").

3. On September 8, 2025, Artsana conducted the deposition Laura Crossen, who was designated by Plaintiff as the Debtors' representative, pursuant to Federal Rule 30(b)(6). A copy of Ms. Crossen's deposition transcript with exhibits is attached as **Exhibit B** (the "Crossen Trans.").

4. On or about September 29, 2025, Plaintiff conducted the deposition of Artsana's representative, Thomas Gwiazdowski, pursuant to Bankruptcy Rule 30(b)(6). A copy of Mr. Gwiazdowski's deposition transcript with exhibits is attached as **Exhibit C** (the "Gwiazdowski Trans.").

5. Artsana provided me with an excel spreadsheet summary including the invoice date and payment date for all invoice payments from the Debtors that cleared between April 7, 2022 and the Petition Date, which includes the challenged Transfers.

6. Based on that data, I performed a mathematical analysis of the average days to pay during that historical pre-preference period, the range of days to pay within one standard deviation of that average, and another range capturing 80% of all payments during that historical pre-preference period (created by excluding the top and bottom 10% of the days-to-pay range). The spreadsheet including mathematical analysis is attached as **Exhibit D**.

7. Based on an analysis of transactions between the parties during the year prior to the Preference Period, the Debtors paid invoices on average 75.9 days after issuance, with a standard deviation range of 60.7 to 91 days to pay. 80% of all transactions during this period were paid

between 59 and 93 days after invoicing.

8.      Of the Transfers, 447 of the invoices were paid within 90 days of invoicing, leaving at most $131,985.69 of Transfers paying off debts outstanding for more than 90 days.

9.      Of the Transfers, 449 of the invoices were paid within 97 days of invoicing, leaving at most $53,063.87 of Transfers paying off debts outstanding for more than 97 days.

10.     Of the Transfers, 505 of the invoices were paid within 14 days of the 91-days-to-pay historical window – within 115 days of invoicing, leaving at most $17,284.25 of Transfers paying off debts outstanding for more than 115 days.

11.     If called to testify, I could and would testify competently to the matters set forth in this declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 14, 2026                                        Respectfully submitted,

*/s/ Turner N. Falk*
Turner N. Falk, Esq.

3