**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

Marianna Udem
Brigette McGrath
ASK LLP
60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
mudem@askllp.com
bmcgrath@askllp.com
*Special Counsel to the Plan Administrator*

| | |
|---|---|
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1]<br><br><div align=right>Debtor.</div> | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.),[2]<br><div align=right>Plaintiff,</div><br>v.<br><br>Artsana USA, Inc.,<br><div align=right>Defendant.</div> | Adv. No. 24-01336-VFP |

**DECLARATION OF EDWARD T. GAVIN, CTP, NCPM IN SUPPORT OF THE PLAN ADMINISTRATOR'S (I) RESPONSE IN OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT AND (II) REPLY IN SUPPORT OF PLAN ADMINSTRATOR'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFF'S CLAIMS <u>AGAINST DEFENDANT, ARTSANA USA, INC.</u>**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

I, Edward T. Gavin, CTP, NCPM, hereby declare:

1.      I make this declaration in support of the *Plan Administrator's (I) Response in Opposition to Cross-Motion for Summary Judgment and (II) Reply in Support of Plan Administrator's Motion for Summary Judgment with Respect to Plaintiff's Claims Against Defendant, Artsana USA, Inc.* (the "Response") [Adv. D.I. 24].[3]

2.      I am an individual over the age of eighteen, and if called as a witness, I could and would competently testify to the facts set forth below.

3.      On December 16, 2025, Plaintiff retained Gavin/Solmonese LLC ("G/S") to submit an expert report in rebuttal ("Rebuttal Report") to the expert report submitted by H.A. Schaeffer, C.C.E., C.E.W. of D&H Credit Services, Inc. on behalf of Artsana USA, Inc. ("Schaeffer Report").

4.      Plaintiff requested that I, Edward T. Gavin, CTP, NCPM, a Managing Director of G/S, with a business address of 1007 N. Orange Street, 3rd Floor, Suite 314, Wilmington, DE 19801, provide an analysis of the Schaeffer Report as well as an independent opinion with respect to Defendants' defenses of ordinary course of business as provided by 11 U.S.C. § 547(c)(2).

5.      I, and G/S professionals under my direct supervision and control, therefore "we," prepared a Rebuttal Report, a true and correct copy of which is attached hereto as **Exhibit 1**.

6.      In preparing the Rebuttal Report, we reviewed the payment data and information provided by Defendants or Plaintiff's counsel based on the Debtors' books and records, researched independent third-party sources for information related to the Parties (including Risk Management Association ("RMA") industry information), and performed other such investigations and analyses as deemed necessary.  **Exhibit 1,** pp. 3, 6.

---

[3] All capitalized, undefined terms herein shall have the meanings assigned to them in the Response.

7.      As part of my analysis, I reviewed the Schaeffer Report and, as explained in **Exhibit 1,** G/S believes that the Schaeffer Report failed to establish any basis to consider the Transfers to have been made in the ordinary course of business or financial affairs of the Debtor and the transferee or according to ordinary business terms based on the relevant industry standards. **Exhibit 1,** pp. 6- 18.

8.      I, and G/S, examined the objective OCB defense. For the period of April 1, 2022 - March 31, 2023, G/S identified a 50% interquartile range for NAICS 423920 – Toy and Hobby Goods and Supplies Merchant Wholesalers for days sales outstanding of 10 days to 68 days.  For the period of April 1, 2023 – March 31, 2024, G/S identified a 50% interquartile range for said industry of 4 days to 62 days. **Exhibit 1,** pp. 18-19.

9.      I, and G/S, also examined Artsana's collection practices.  From a review of emails between Artsana and the Debtor, G/S observed that Artsana decided to unilaterally change the business and credit relationship between Artsana and the Debtor, communicated these changes to the Debtor, and used pressure to compel performance on the Debtor's part.  **Exhibit 1**, pp. 21-23.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Edward T. Gavin, CTP, NCPM

Executed the 17th day of June, 2026